# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WANDA GARCIA, as the Proposed Administratrix of the Estate of EDDIE JOSE IRIZARRY SANTIAGO, et al.** | : : : : : | **CIVIL ACTION** |
| v. | : : | No. 24-4548 |
| **P/O MARK DIAL, et al.** | : | |

| | |
|---|---|
| **McHUGH, J.** | **November 22, 2024** |

## MEMORANDUM

This case arises out of the tragic shooting of a young man by a Philadelphia police officer. Members of the victim's family have brought suit in state court against Mark Dial, who fired the fatal shots, fellow police officer Michael Morris, and the City of Philadelphia.

Mr. Dial has been fired by the Philadelphia Police Department and faces criminal prosecution. He has entered into an agreement with the Plaintiffs whereby he agreed to oppose removal to federal court, in return for an agreement that Plaintiffs would not pursue any judgment against him personally, but rather pursue satisfaction only from the City. The question before me is whether this agreement renders Dial either a nominal or fraudulently joined party, making his consent to removal unnecessary. Because I am persuaded that Dial remains at risk notwithstanding his agreement with Plaintiffs, I conclude that he is neither a nominal nor a fraudulently joined party. His consent to removal therefore remains necessary, and in its absence, remand is warranted.

**I.   Pleadings and relevant facts of record**

On August 14, 2023, Mr. Irizarry was driving in East Kensington. Second Amend. Compl. ¶ 35. Two Philadelphia police officers, Officer Dial and Officer Morris, began to follow Mr.

Irizarry in their police vehicle – without their lights or sirens on – because they believed he was driving erratically. *Id*. ¶¶ 35-37. Mr. Irizarry turned onto East Willard Street, where he lived, and drove the wrong direction on the one-way street. *Id*. ¶ 38. After Mr. Irizarry parked his vehicle, the officers pulled up next to him. *Id*. ¶ 39. Officer Dial ran to Mr. Irizarry's vehicle, shouted commands, and within mere seconds fired his service weapon through the window at Mr. Irizarry, hitting him multiple times. *Id*. ¶¶ 39-47. Mr. Irizarry died from these wounds. *Id.* ¶¶ 76-77.

The following month, Mr. Irizarry's father and Wanda Garcia, on behalf of Mr. Irizarry's estate, brought an assault and battery, survival, and wrongful death action in state court against Officer Dial and Officer Morris. In August 2024, a second amended complaint was filed, asserting civil rights claims against the City of Philadelphia under a *Monell* theory and adding § 1983 claims against Dial and Morris individually. Second Amend. Compl. Throughout this entire period, spanning almost a year, Dial did not answer the complaint, file preliminary objections, nor submit any other substantive filings in state court. State Court Record, ECF 2 at 2-4.

The City filed a timely notice of removal to this court on August 29, 2024. Officer Morris consented, Dial did not.

Plaintiffs and Dial now seek to remand this case, asserting that the removal violated the rule of unanimity. ECFs 6, 7. The City and Morris respond that unanimity is not required with respect to Dial because the agreement between Plaintiffs and Dial makes him a nominal or fraudulently joined party. *See* ECFs 12, 13; Removal Agreement, ECF 14.[1] Pursuant to the

---

[1] In considering removal, courts may undertake "a limited consideration of reliable evidence" that parties introduce to support or oppose remand. *In re Briscoe*, 448 F.3d 201, 220 (3d Cir. 2006). Here, no party disputes the authenticity of the Removal Agreement and it is highly relevant to whether or not the rule of unanimity was violated. I will therefore consider it for the limited purpose of determining whether removal was proper.

agreement, Plaintiffs will not execute a judgment against the personal assets of Dial under the condition that Dial (1) assign his claims for indemnification against the City to Plaintiffs; (2) not consent to removal to federal court; and (3) file a Motion to Remand if the City attempts to remove the case.  Removal Agreement.

## II.    Standard of Review

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  In the Third Circuit, district courts must strictly construe the removal statute in favor of state court jurisdiction.  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) ("all doubts should be resolved in favor of remand").

## III.   Discussion

When a case with multiple defendants is removed to federal court, federal law requires that "all [defendants] must join in the removal petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *see* 28 U.S.C. §§ 1441, 1446.  This is known as the rule of unanimity.  The failure to receive the consent of all defendants in removal is a procedural defect warranting remand.  *See Lewis*, 757 F.2d at 68 ("Removal is a statutory right, and the procedures to effect removal must be followed"); *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995); 28 U.S.C. § 1447(c).  But the Third Circuit has recognized that this rule of unanimity "may be disregarded where: (1) a non-joining

3

defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." *Balazik*, 44 F.3d at 213 n.4.[2]

### A. Officer Dial is Not a Nominal Party

Nominal parties are "those without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013) (nominal parties have "no actual interest in the outcome of the litigation"); *Bancorp, Inc. v. Yaron,* 2015 WL 4876330, at *3 (E.D. Pa. Aug. 14, 2015) (nominal parties "tend" to merely be "formal parties without any stake in the outcome").[3]

In the corporate context, some courts have found that the dissolution of a corporation in tandem with the assignment of all its debts and liabilities can render the original corporation a nominal party. In *Johnson*, for example, the Third Circuit held that SmithKline Beecham was a nominal party because it dissolved as a Pennsylvania corporation and "domesticated itself under the laws of another jurisdiction," becoming a Delaware LLC called GSK LLC that assumed all the "debts, liabilities and duties" of SmithKline Beecham. 724 F.3d at 359 (internal citations omitted). Therefore, GSK LLC was the real party in interest and SmithKline Beecham was not required to

---

[2] Though some judges have collapsed the nominal party analysis into the fraudulent joinder test, *see, e.g., J.H. v. City of Philadelphia*, 2018 WL 451636, at *2 (E.D. Pa. Jan. 17, 2018), the Third Circuit has not endorsed this view and has specifically listed them as distinct exceptions to the rule of unanimity. *Balazik*, 44 F.3d at 213 n.4. Furthermore, most district courts in the Third Circuit assess nominal party status separately from fraudulent joinder. *See, e.g.*, *Gentry v. Sikorsky Aircraft Corp.*, 383 F.Supp.3d 442, 450 n.9 (E.D. Pa. 2019) (treating fraudulent joinder and nominal party arguments separately); *Jocz v. Eichleay Engineers, Inc.*, 2008 WL 5157503, at *5-6 (E.D. Pa. Dec. 9, 2008) (same); *Dietz v. Avco Corp.*, 168 F.Supp.3d 747, 759 (E.D. Pa. 2016) (same); *Scioli Turco, Inc. v. Philadelphia & Reading R.R. Co.*, 2023 WL 3007926, at *3 (E.D. Pa. Apr. 19, 2023) (deciding nominal party status without using the fraudulent joinder analysis). I will follow suit and assess these exceptions separately.

[3] Many cases analyzing whether a party is nominal or fraudulently joined occur in the diversity jurisdiction context. *See, e.g., Bumberger*, 952 F.2d at 767. But the same tests apply for removal purposes. *Johnson,* 724 F.3d at 359 n.27.

consent to removal. *Id*. at n.27; *see also Scioli Turco, Inc. v. Philadelphia & Reading R.R. Co.*, 2023 WL 3007926, at *3 (E.D. Pa. Apr. 19, 2023) (holding that a now-extinct corporation whose assets and liabilities have been absorbed by another corporation is a nominal party "without any stake in the outcome of the litigation."). In contrast, companies that are still active and retain some liabilities are not nominal parties. *Walso v. Defs., Inc*, 894 F.3d 583, 590-91 (3d Cir. 2018) (finding that a company that passed on some of its contracts and liabilities is not a nominal party because it is active, retains some liabilities, and may ultimately be found liable).

This case is more akin to *Walso* than to *Johnson* or *Scioli Turco, Inc.* In contrast to an extinct corporation that has been fully converted to or subsumed by another entity, Dial is a living person who remains exposed to potential liability. Under Pennsylvania law, Dial's personal assets are at risk despite the Removal Agreement. Plaintiffs bring four state-law claims against Dial and Morris, including assault and battery, and for each claim Plaintiffs seek judgment "jointly and/or severally." Second Amend. Compl. at 19, 20, 21, 22, 27, 28. Under Pennsylvania's "Fair Share" Act, joint and several liability exists for intentional state torts such as assault and battery. 42 Pa. Cons. Stat. § 7102(a.1)(3)(ii). Accordingly, "[w]here a defendant has been held jointly and severally liable . . . and discharges by payment more than that defendant's proportionate share of the total liability, that defendant is entitled to recover contribution from defendants who have paid less than their proportionate share." *Id.* § 7102(a.1)(4). If Plaintiffs ultimately succeed on their intentional tort claims against Dial and Morris but only execute against Morris, Morris could seek contribution from Dial. Thus, Dial's personal assets may still be vulnerable depending upon the outcome of the litigation and his remaining interests in the action have not been fully "transferred to the plaintiffs" as the City argues. City Res. at 3, ECF 13. It follows that Dial has a clear stake in the outcome of this case.

The assignment of Dial's potential right of indemnification does not change this analysis. Though Dial has assigned to Plaintiffs his rights to pursue indemnification against the City, the City is currently refusing to indemnify Dial. Removal Agreement at 1, 3. The City argues that the agreement "simply makes Officer Dial a pass through to attempt to reach the assets of the City" and that whether plaintiffs succeed on their claims against Dial or their indemnity claims "is now of no consequence to Officer Dial." City Res. at 3-4. Not so. If Plaintiffs succeed on their intentional tort claims against Dial and Morris but fail to establish that the City is required to indemnify Dial, then Morris could pursue Dial's personal assets for contribution. This gives Dial a tangible interest in the litigation.

Additionally, some courts have held that a party cannot be nominal if it is "necessary and indispensable," meaning that "plaintiff states a cause of action against the party and seeks relief from the party." *See Isaac v. Mitchell*, 2008 WL 2890947, *2 (E.D. Pa. July 25, 2008). Here, Plaintiffs have stated several causes of action against Dial and are seeking relief in the form of a judgment to pursue against the City. Dial is also necessary party under the test articulated in Federal Rule of Civil Procedure 19[4] because (1) resolution of the case without his involvement may impact his interests under the "Fair Share" Act, and (2) without Dial the Court cannot accord complete relief as to the claims where Morris and Dial allegedly conspired or acted in tandem, for which they may face joint and several liability.

---

[4] Pursuant to Federal Rule of Civil Procedure 19, a party is necessary if "(A) In that person's absence, the court cannot accord complete relief among the [] parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed R. Civ. P. 19(a)(1).

In conclusion, the Removal Agreement does not convert Dial into a nominal party because he maintains a clear stake in the outcome. *See also Batoff*, 977 F.2d at 851 ("all doubts should be resolved in favor of remand").

**B. Officer Dial is Not Fraudulently Joined**

Defendants Morris and the City also assert that removal is proper because Dial was fraudulently joined to the litigation and therefore does not need to consent to removal. A party is fraudulently joined when "there is no reasonable basis in fact or colorable ground supporting a claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer*, 913 F.2d at 111 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). The removing party has a "heavy burden of persuasion" in making this showing, and if "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [] defendants, the federal court must find that joinder was proper and remand the case to state court." *Batoff,* 977 F.2d at 851 (internal citations omitted). In this analysis, the court may "look to more than just the pleading," *In re Briscoe,* 448 F.3d 201, 219 (3d Cir. 2006), and to a limited extent consider "the merits of [] claims or defenses" against allegedly fraudulently joined parties. *Boyer*, 913 F.2d at 113.[5]

In this case, there is no question that Plaintiffs have a "reasonable basis in fact or colorable ground supporting a claim against" defendant Dial. *Id*. at 111. After seeing Mr. Irizarry drive erratically and park, Dial approached Mr. Irizarry's car and shot him multiple times. Second Amend. Compl. ¶¶ 35-47. Mr. Irizarry did not have a gun. *Id.* ¶ 48. Mr. Irizarry died from these

---

[5] However, "a district court must not step from the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.2d at 219 (internal citation omitted).

wounds. *Id.* ¶¶ 76-77. These fundamental allegations are not currently in dispute. Plaintiffs have brought six claims against Dial, including excessive force, assault and battery, and wrongful death. Second Amend. Compl. Though the merits of these claims and of Dial's potential defenses are yet to be determined, the allegations in this case are in no respect "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852 (citations omitted). Accordingly, Plaintiffs have alleged valid claims against Dial.

Alternatively, a defendant is fraudulently joined when the plaintiff has "no real intention in good faith to prosecute the action." *Boyer*, 913 F.2d at 111 (quoting *Abels*, 770 F.2d at 29). Removing parties bear a heavy burden of persuasion to show that fraudulent joinder occurred. The Removal Agreement[6] between Plaintiffs and Officer Dial, as well as Plaintiffs' failure to move for default judgment in state court after Dial failed to answer the complaint (ECF 2 at 2-3), lead the City to contend that Plaintiffs do not intend to fully prosecute the action against Dial. But the Removal Agreement specifies that Plaintiffs and Officer Dial "shall continue to vigorously pursue and defend any and all claims." Removal Agreement at 3, 4. Under the Agreement, Plaintiffs "intend[] to litigate claims against [] Officer Dial . . . to verdict and final judgment" and "intend[] to obtain and enter a final judgment against . . . Officer Dial." *Id.* at 2. Necessarily, absent a judgment against Dial, the City would have no duty to indemnify unless Officer Morris is found liable, and the case against Dial is indisputably more straightforward. The Agreement is best understood as Dial's attempt to secure limited protection of his assets in the face of claim that

---

[6] To prove that a party was fraudulently joined, it is not sufficient to show that "certain parties cannot and will not consent to removal" due to an agreement between plaintiffs and defendants. *Bancorp, Inc.,* 2015 WL 4876330 at *4. Instead, "it must also be shown the plaintiff does not intend to prosecute its action in good faith against those parties." *Id*.

8

appears inherently challenging to defend. It is not a settlement, but a litigation agreement that the parties obviously believe to be in their mutual interest. Such strategic maneuvering does not convert Dial into a fraudulently joined party; it simply represents the litigation process at work.

Therefore, the City and Morris have failed to meet their heavy burden to show that Dial was fraudulently joined, and this exception to the rule of unanimity does not apply. *See Batoff*, 977 F.2d at 851.

**IV.     Conclusion**

For the reasons set forth above, Plaintiffs' and Dial's Motions to Remand will be granted. An appropriate order follows.

       /s/ Gerald Austin McHugh
       United States District Judge